## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

JOE HAND PROMOTIONS, INC.,

        Plaintiff,

v.                                               Case No. 08-CV-943

JAMES S. CARLSON, RYAN REITMAN,
LONG POUR LLC, d/b/a Sharkeys a/ka Sharkeys
Bar and Grill, JC ENTERTAINMENT LLC, d/b/a
Sharkeys a/k/a Sharkeys Bar and Grill,

        Defendants.

_____

## ORDER

      Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed an action against defendants James S. Carlson, Ryan Reitman, Long Pour LLC, and JC Entertainment LLC on November 5, 2008. Though summonses were issued for all four defendants, Ryan Reitman was the only defendant to waive service and file an answer to Joe Hand's complaint. Joe Hand also filed proof of executed summonses against JC Entertainment LLC and Long Pour LLC, stating that service was made on both defendants on December 17, 2008, and that an answer was due on January 6, 2009.

      However, it appears that defendant James S. Carlson ("Carlson") has not been served with a summons and complaint. Federal Rule of Civil Procedure 4(m) addresses this situation, stating:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The period to serve the summons and complaint on Carlson expired on March 5, 2009, 120 days after Joe Hand originally filed its complaint. Accordingly, Joe Hand shall have twenty (20) days from the date of this order to provide good cause for its failure to timely serve Carlson. If Joe Hand does not provide good cause, the court will dismiss the claims against Carlson without prejudice pursuant to Rule 4(m) and Civil Local Rule 41.1.

Further, neither JC Entertainment LLC nor Long Pour LLC has filed an answer in this case. Despite their failure to defend, Joe Hand has not moved for a default judgment against either party. This situation is addressed in Civil Local Rule 41.2, which states:

> In all cases in which a defendant has failed to file an answer or otherwise defend within 6 months from the filing of the complaint and the plaintiff has not moved for a default judgment, the Court may on its own motion, after 20 days' notice to the attorney of record for the plaintiff, or to the plaintiff if pro se, enter an order dismissing the action for lack of prosecution.

Civil L.R. 41.2. The six-month period for filing a motion for default judgment expired on May 5, 2009. Therefore, Joe Hand shall have twenty (20) days from the date of this order to move for default judgment or otherwise respond. Failure to do so will

result in dismissal of the claims against JC Entertainment and Long Pour without prejudice for lack of prosecution.

Accordingly,

**IT IS ORDERED** that plaintiff shall have **twenty (20) days** from the date of this order to provide good cause for the failure to timely serve James S. Carlson with a summons and complaint; if no good cause is provided, the court will dismiss the claims against Carlson without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff shall have **twenty (20) days** from the date of this order to file for default judgment against JC Entertainment LLC and Long Pour LLC or otherwise respond; if plaintiff fails to do so, the court will dismiss the claims against JC Entertainment and Long Pour without prejudice for lack of prosecution.

Dated at Milwaukee, Wisconsin, this 30th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge